

Peter A. Meisels, Esq.
Direct dial: (914) 872-7156
peter.meisels@wilsonelser.com

July 30, 2018

**By ECF**

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   Suzanne Feltenstein v. City of New Rochelle, 18-cv-4928 (KMK)
      Our File No. 07367.00107

Dear Judge Karas:

We represent the City of New Rochelle (the "City") in this Americans with Disabilities Act action. We write to request a pre-motion conference to discuss the City's proposed motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, a motion to stay the proceedings.

The plaintiff alleges that she uses a wheelchair due to a medical condition. She brings suit against the City under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, New York State Executive Law §296, and New York Civil Rights Law §40, alleging that the City has discriminated against her on the basis of her disability in its ownership and operation of a parking lot located at 35 Lawton Street, New Rochelle, New York (the "Lawton Street lot"). The plaintiff also includes a claim for negligence. In particular, the plaintiff alleges that the Lawton Street lot's designated accessible parking spaces are not accessible and have slopes in excess of the ADA standards, have signage displaying the accessibility symbol in the incorrect location, and do not have access aisles with the correct signage. The plaintiff also alleges that the Lawton Street lot does not contain accessible paths of travel to the primary function areas of the facility.

The service of the plaintiff's complaint represents the first notice that the City has ever received of any alleged accessibility deficiencies at the Lawton Street lot. Upon such notice, the City immediately retained a consultant, Ed Larken of the Chazen Companies ("Chazen"), to

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix
San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

7155383v.1

Hon. Kenneth M. Karas
July 30, 2018
Page 2

assess ADA compliance and to design, if necessary, ADA compliant improvements of the Lawton Street lot. If design and improvements are necessary, the City will open a bid period for the construction work and, thereafter, complete the necessary improvements. The City has already contracted with Chazen to perform the assessment, which is scheduled to begin today, July 30, 2018.

Because the process to assess and, if necessary, complete ADA compliant improvements on the Lawton Street lot, including any of the alleged deficiencies contained in the plaintiff's complaint, has already begun, the plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "[A] claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of litigation." *Bacon v. Walgreen Co.*, 91 F. Supp.3d 446, 451 (E.D.N.Y. 2015); *see also Willner v. Doar*, 2013 U.S. Dist. LEXIS 109704, at *9 (E.D.N.Y. Aug. 5, 2013); *Keitt v. New York City*, 882 F. Supp.2d 412, 426 (S.D.N.Y. 2011) (dismissing claim for injunctive relief under the Rehabilitation Act as moot). Courts have also declined to exercise supplemental jurisdiction over related state law claims when an ADA claim has been dismissed as moot. *Bacon*, 91 F. Supp.3d at 453.

Here, the City has already accepted the Chazen proposal for the assessment and, if necessary, completion of ADA compliant improvements in the Lawton Street lot. Even assuming, *arguendo*, that all barriers identified in the plaintiff's complaint actually exist, they will be incorporated into, and fully addressed by, the improvements designed by Chazen and completed by the City. Given the permanent nature of the correction of the alleged deficiencies, it is clear that the deficiencies could not reasonably be expected to recur. The complaint should therefore be dismissed as moot, and the Court should decline to exercise supplemental jurisdiction over the related state claims. *Bacon v. Walgreen Co.*, 91 F. Supp.3d 446, 451 (E.D.N.Y. 2015).

Additionally, the claim for negligence must be dismissed, as the complaint does not, and cannot, allege that the plaintiff submitted a notice of claim to the City, as required by General Municipal Law §50-e and §50-i.

In the alternative, the City seeks permission to file a motion to stay the proceedings in order to allow the City sufficient time to complete any construction work resulting from Chazen's ADA assessment while avoiding litigation costs and promoting judicial efficiency. In *Gropper v. Fine Arts Hous., Inc.*, 12 F. Supp.3d 664, 672-74 (S.D.N.Y. 2014),[1] this Court stayed a discrimination case for approximately two years in order to permit the defendant to complete ADA improvements as agreed to by the defendant. In particular, the Court found that issuing a stay would obviate litigation costs, as well as conserve this Court's resources, while permitting the defendant the time necessary to complete the contemplated ADA improvements. Similarly, here, staying the litigation while any ADA improvements designed by Chazen are completed will permit the City to voluntarily improve the lot's accessibility, thereby addressing all allegations

---

[1] The plaintiff in *Gropper* was represented by the plaintiff's attorneys here.

Hon. Kenneth M. Karas
July 30, 2018
Page 3

contained in the plaintiff's complaint, while obviating the need for the parties, or this Court, to expend additional resources on this litigation.

While the foregoing represents the main arguments in support of the motion, the City respectfully reserves the right to bring additional arguments in the motion.

Accordingly, the City respectfully requests that the Court schedule a pre-motion conference to discuss the proposed motion dismiss, or, in the alternative, a motion to stay the proceedings.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*[signature]*

Peter A. Meisels

Cc (via ECF):

PARKER HANSKI LLC
Attorneys for Plaintiff
Glen H. Parker, Esq.
40 Worth Street, 10th Floor
New York, NY 10013
(212) 248-7400
ghp@parkerhanski.com

7155383v.1